BRYAN SCHRODER
United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:19-cr-00005-SLG |
| AJELA AKESI BANKS, | ) ) ) |
| Defendant. | ) ) |

**GOVERNMENT SENTENCING MEMORANDUM**

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** ........................................................................ **36 months**

**SUPERVISED RELEASE** .................................................................................. **10 years**

**SPECIAL ASSESSMENT** ................................................................................. **$100.00**

COMES NOW the United States of America, by and through undersigned counsel, and hereby files this Sentencing Memorandum. For the reasons stated herein, the United States respectfully asks the Court to impose a total sentence of 36-months' imprisonment, to be followed by a 10-year term of supervised release.

## I. INTRODUCTION

### a. Investigation

Between mid-October 2018 and December 2018, the defendant and her co-conspirator Tristan Grant conspired to harbor and transport three minor prostitutes. The defendant and Grant worked together in multiple ways. The defendant allowed at least two of the minors to live at her residence, which she shared at times with Grant. The defendant and Grant discussed – both in person and with text messages – the minor victims working for them as prostitutes. Some of these discussions concerned advertising the minor victims online, and how the girls were to work in order to pay for expenses at the residence. The defendant and Grant assisted one minor female with creating and maintaining an online persona that the defendant and Grant used to advertise the minor female on online prostitution websites. The defendant and Grant also drove the minor victims to meet with customers and collected money from those minor victims that the minor victims earned through commercial sex acts, or received items bought by the minor victims with money earned through prostitution.

On December 12, 2018, Grant shot the defendant during an argument at the defendant's apartment. Law enforcement arrested him shortly thereafter. Following his

Govt. Sent. Memo.　　　　　　　　　　　Page 2 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 2 of 14

arrest, the defendant and Marika Alex attempted to delete evidence from Grant's Snapchat account, including a sexually explicit video of Grant with one of the underage victims that had been taken by the defendant, and images of Grant with firearms.

### b. Procedural History

#### i. Defendant

The defendant pled guilty to an Information charging her with Conspiracy to Commit Sex Trafficking of Minors, in violation of 18 U.S.C. § 1594. Doc. 76. After several false starts, the defendant completed her change of plea on January 14, 2020. Docs. 73, 74, 94, and 95. This change of plea was entered pursuant to a plea agreement. Imposition of sentence (IOS) is set for January 6, 2021.

#### ii. Other Involved Individuals

Grant is charged in case number 3:19-cr-00003-RRB with multiple counts of sex trafficking, production of child pornography, and being a felon in possession of a firearm. Grant has requested a bench trial which is currently scheduled for February 25, 2021.

The United States charged Marika Alex in case number 3:19-cr-00021-RRB with tampering with documents and possession of child pornography. She pled guilty to tampering with documents on November 20, 2019, pursuant to a plea agreement. On November 23, 2020, Judge Beistline sentenced her to two months imprisonment.

### c. Pre- and Post-Plea Conduct

The Magistrate Court released the defendant on conditions on March 20, 2019. Doc. 44. In June 2019, the defendant was discharged from her transitional living facility

Govt. Sent. Memo.　　　　　　　　　　　　Page 3 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 3 of 14

for unruly behavior. The Probation Office was able to find a second location for the defendant to reside in, and then placed her in an apartment following the birth of her child. Doc. 52.

In August 2019, the defendant violated the conditions of her release by using alcohol, marijuana, and cocaine, and by associating with individuals she was ordered to have no contact with. Doc. 62. The Magistrate Court ordered the defendant detained. Docs. 68 and 69. She has remained in confinement since that time.

While in jail, the defendant has repeatedly violated the rules of her detention facility. As stated in the Presentence Report (hereinafter "PSR"), the defendant has been punished multiple times for unruly behavior that has included participating in a demonstration, threatening others, and tampering with a locking device. The PSR documents nine incidents between October 16, 2019, and April 13, 2020. PSR at ¶ 6. The United States is aware of at least three additional incidents involving the defendant that were sufficiently serious to warrant a formal report. These reports documented the following:

1. On June 14, 2020, officers located a "white, rolled, leafy substance" that appeared to be contraband under the defendant's mattress;
2. On July 1, 2020, the defendant attempted to force a change of cellmate by making it appear as if her toilet was leaking, wasting correctional staff time and resources; and

Govt. Sent. Memo.  Page 4 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 4 of 14

3. On July 20, 2020, correctional officers located from an inmate an envelope addressed to the defendant that appeared to have a tablespoon of tobacco.

In addition, on January 2, 2020, the United States Marshals informed the United States that the defendant was observed on video throwing toilet paper drenched in toilet water at the cell camera while housed in the United States Marshals' lock up facility in the United States Courthouse. When her attempts at disabling the camera were unsuccessful, the defendant repeatedly threw her brown lunch bag at the camera.

## II. SENTENCING CALCULATION

### a. Statutory Maximum Sentence

The maximum sentence that may be imposed for the crime to which the defendant pled guilty is as follows:

1. Life imprisonment,
2. A fine of $250,000,
3. A five-year term of supervised release, and
4. A $100 special assessment, plus a $5,000 JVTA assessment.

### b. Sentencing Guidelines Calculation

The Probation Officer found the total offense level to be 29, and the defendant's criminal history to be II. PSR at ¶¶ 54, 61. The Sentencing Guidelines range is 97 to 121 months. *Id.* at ¶ 99.

Govt. Sent. Memo.  Page 5 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 5 of 14

### c. The Probation Officer's Recommended Sentence

The Probation Officer recommends a downward variance and a total sentence of imprisonment of 60 months. *Id.* at "Sentencing Recommendation." Upon completion of the defendant's term of incarceration, the Probation Officer recommends a five-year term of supervised release. *Id.* Neither a fine nor restitution is recommended. *Id.*

## III. GOVERNMENT'S RECOMMENDATION

The United States asks the Court to impose a sentence of 36-months' imprisonment to be followed by a 10-year term of supervised release. This sentence balances the defendant's conduct in this case and her history and characteristics. When considered in its entirety, this sentence is sufficient, but not greater than necessary, to protect the public and deter others from engaging in similar misconduct.

### a. Sentencing Guideline Calculation

#### i. Base Offense Level 14

The United States' recommended sentence is premised on a Base Offense Level (BOL) of 14. The United States does not dispute that the Probation Officer properly calculated the BOL in this case, and that the proper BOL pursuant to United States Sentencing Guideline (USSG) §2G1.3(a)(4) is 24. This is the guideline that is properly applied under controlling Ninth Circuit precedent. *See United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016) (holding that sex trafficking conspiracy convictions under 18 U.S.C. § 1594 are not calculated as convictions under 18 U.S.C. § 1591(b)(1)); *but see United*

Govt. Sent. Memo.  Page 6 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 6 of 14

*States v. Sims*, 957 F.3d 362, (3rd Cir. 2020) (declining to apply *Wei Lin* and stating that "following the Ninth Circuit's *Wei Lin* opinion would lead to absurd results.")

The United States' recommendation is premised on a BOL of 14 because during plea negotiations this was the calculation provided by the United States to the defendant. *See* Exhibit 1. The United States erroneously informed the defendant that the applicable USSG for her conviction was §2G1.1, a guideline applied to promoting commercial sex acts with individuals *other than minors*. The United States did note in its communications with the defendant that the BOL that would apply in this case would ultimately be determined by the USPO. *Id.* The Court also informed the defendant at her change of plea that it would determine the BOL. Nonetheless, the United States believes that the erroneous calculation made under USSG § 2G1.1 that was provided to the defendant was a factor upon which she relied in deciding to plead guilty, and that equity requires that the United States adhere to its prior calculation as to the anticipated guideline range in this case.[1]

//

//

//

//

---

[1] The United States recognized its error the day after the change of plea. Upon recognizing that its legal analysis was erroneous, the United States emailed Defense Counsel to inform her of the miscalculation, and stated an intention to abide by its original calculation. In that email, the United States projected a Guideline Range of 24 to 30 months.

Govt. Sent. Memo.　　　　　　　　　　　　　Page 7 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 7 of 14

ii. *The United States' Determination of the Guideline Range*[2]

In determining its recommended Sentencing Guideline range, the United States has determined that were the applicable guideline USSG § 2G1.1, an additional eight levels would apply. The result would therefore be a Total Adjusted Offense Level of 19 after three-level reduction for Acceptance of Responsibility. The specific offense characteristics and adjustments the United States believes are applicable under USSG 2G1.1 are as follows:

1. Pursuant to USSG § 2G1.1(b)(1), two levels should be added because the offense involved coercion. This coercion included acts of violence by the defendant's coconspirator, the defendant's constant possession of a firearm, and a belief by one of victims that the defendant's coconspirator that she was in danger from the defendant, his coconspirator, and their friends.

2. Pursuant to USSG § 2G1.1(d)(1), two levels should be added because the offense involved two minors. The USPO applied this increase pursuant to USSG § 2G1.3(d)(1).

---

[2] The defendant did not file objections to the Draft Presentence Report. Rather, the defendant informed the USPO that "there would be objections filed to the presentence report at a later time." PSR at "Addendum." The United States requests the opportunity to respond to any late-filed objections either in writing or at the Imposition of Sentence and reserves the right to ask that any objections be denied for failure to comply with Fed. R. Crim. P. 32(f).

Govt. Sent. Memo.  Page 8 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 8 of 14

3. Pursuant to USSG § 3A1.1(b), two levels should be added because the defendant knew that a victim of the offense was a vulnerable victim. The USPO applied this increase pursuant to USSG § 2G1.3(d)(1).

4. A two-level increase under USSG § 3C1.1 for obstruction of justice.

### iii. Argument in Support of Obstruction of Justice Enhancement

The Probation Office did not include in their guideline calculation a two-level increase for obstruction of justice. The United States objected to this exclusion, and for the reasons stated in its objections to the Probation Officer renews that objection herein. *See* PSR at "Addendum." A two-level increase in the defendant's offense level is warranted because the defendant's attempt to delete evidence from her co-conspirator's Snapchat account was a "willful attempt[] to obstruct or impede the administration of justice in relation to the instant offense." *See United States v. Williams*, 693 F.3d 1067 (9th Cir. 2012).

Attempts to delete digital images are enough to support application of an obstruction of justice enhancement. In *United States v Flores*, 802 F.3d 1028, 1048 (9th Cir. 2015), the defendant tried "to have her cousin delete certain postings from her Facebook account." This fact was sufficient to find the essential elements of obstruction under § 3C1.1. *Id.* (*citing United States v. Gardner*, 988 F.2d 82, 83–84 (9th Cir. 1983)). They should be sufficient in this case as well.

Govt. Sent. Memo.　　　　　　　　　　　　Page 9 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 9 of 14

### b. The 3553(a) Factors

#### i. The Nature and Circumstances of the Offense

The defendant's conduct includes the trafficking of at least two homeless females she knew to be minors. The defendant's role in this trafficking included coordinating with her coconspirator and escorting the minors to dates. This fact alone warrants a lengthy sentence of imprisonment.

The defendant's role in the offense went beyond simply assisting Grant's trafficking on the minors, however. As detailed in the PSR, the defendant regularly carried a gun with her, and it cannot be denied that the defendant's possession of a weapon while she accompanied minor prostitutes performing commercial sex acts dramatically increased the potential for violence in those situations. The defendant also used the victims' age to extort customers, threatening customers with arrest if they did not pay additional money.

The defendant's conduct did not conclude with her coconspirator's arrest and imprisonment. While he was confined in jail, the defendant worked with another person to attempt to destroy evidence of her coconspirator's crimes. These crimes included trafficking and production of child pornography, and unlawful possession of firearms.

As detailed below, the defendant has a significant personal history that cannot be discounted in determining an appropriate sentence. Nonetheless, as an adult, she had an opportunity to protect minors who came into her care. She willingly chose to neglect her

Govt. Sent. Memo.　　　　　　　　　　　　　　Page 10 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 10 of 14

duties, deciding instead to assist in the exploitation of those minors. The defendant's crimes warrant a significant sentence of imprisonment

## ii. The History and Characteristics of the Defendant

The defendant has a tragic personal history, filled with violence, neglect, abuse, and instability. The United States acknowledges this history and the influence it may have had on the defendant's crimes. However, this history does not absolve the defendant from being held responsible for her crimes.

## iii. The Seriousness of the Offense

As detailed above, the defendant's crime was extremely serious. The defendant's exploitation of two minors, her use of threats and violence during the exploitation of those children, and her attempt to destroy evidence relating to one of those victims makes her partially responsible for the harms suffered by those children. The defendant's sentence must reflect this fact.

## iv. The Need for Adequate Deterrence

A sentence of imprisonment is critical to achieving the sentencing goal of deterrence. The defendant's actions while on release as well as her in-custody conduct is clear evidence that she has not fully grasped the nature of her actions and show a fundamental disrespect for this Court and the law. A sentence of imprisonment is necessary in order to imprint on the defendant the seriousness of her conduct so that she will be deterred from engaging in similar activities in the future.

Govt. Sent. Memo.  Page 11 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 11 of 14

As important as imprisonment is to achieving deterrence, the United States believes that a lengthy period of supervised release is also critical. A 10-year term of supervision will provide a sufficient amount of time to ensure the defendant receives access to any resources she needs to be successful following her release from imprisonment. A decade of supervision will be long enough to determine whether the defendant is going to take advantage of those resources and turn her life around.

### v. Protection of the Public from the Defendant

As noted above, a sentence of imprisonment followed by a long term of supervised release will specifically deter the defendant from taking any action that places others - in particular minors - at risk. Moreover, a 10-year term of supervised release will allow for the effective monitoring of the defendant after imprisonment, thereby reducing the potential for recidivism, and allowing the probation office to promptly and effectively address any issues that may lead to behaviors which could endanger her or the public.

### vi. The Need for Educational, Vocational, or Other Care or Treatment

The United States encourages the defendant's participation in any Bureau of Prison programs for which she is eligible, to include drug abuse counseling and vocational programs.

### vii. The Kind of Sentences Available and the Sentencing Range Established by the Sentencing Commission

The United States requested sentence is an appropriate sentence below the applicable Sentencing Guideline range.

//

Govt. Sent. Memo.  Page 12 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 12 of 14

### viii. Sentencing Disparity

Given all the relevant factors in this case, the United States' does not believe that its recommendation will result in an *unwarranted* sentencing disparity between the defendant and other similarly situated defendants. The defendant's coconspirator Grant is expected to go to trial, and, if convicted of the most serious charges, faces a sentence of not less than 15 years. Marika Alex, the individual with whom the defendant worked to destroy evidence was recently sentenced to two months' imprisonment for her role in that offense.

The sentencing factors in this case are unique and have been carefully considered by the United States in negotiating a disposition for this case and recommending a sentence. The defendant's history and characteristics cannot be denied. Nor can the harm she inflicted on the minors in this case, or the very real threat of harm she brought to the community through her possession of firearms. The defendant – and the Court – may very well disagree with how the United States' recommendation. Nonetheless, the 36-month recommendation is an attempt to balance all the relevant factors in this case.

The recommended sentence is properly situated between the sentences of the two individuals with whom the defendant conspired in this case, and is based upon all of the 355(a) factors that are relevant to this defendant. When based on such factors, a disparity between defendants is not unwarranted. *See United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010) (holding that a sentence tailored to the "specific characteristics of

Govt. Sent. Memo.　　　　　　　　　　　Page 13 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 13 of 14

the offense and the defendant" when others have received different sentences is not disparate).

### c. Restitution

The United States has not received any claims for restitution in this case.

## IV. CONCLUSION

For the reasons stated herein, the United States respectfully asks the Court to sentence the defendant to 36-months' imprisonment. The United States also asks the Court to impose a 10-year term of supervised release following the defendant's release from imprisonment. This sentence recognizes the seriousness of the defendant's crime, her history and characteristics, and the need to protect the public and deter the defendant.

RESPECTFULLY SUBMITTED this 30th day of December, 2020, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

*s/ Kyle Reardon*
KYLE REARDON
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2020,
a copy of the foregoing was served
electronically on:

Natasha Norris, Esq.

*s/ Kyle Reardon*
Office of the U.S. Attorney

Govt. Sent. Memo.                    Page 14 of 14
*United States v. Banks*
3:19-cr-00005-SLG

Case 3:19-cr-00005-SLG-MMS   Document 124   Filed 12/30/20   Page 14 of 14