

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

*James M. Fitzgerald U.S. Courthouse &*
*Federal Building*
*222 West 7th Avenue, #9, Room 253*
*Anchorage, Alaska 99513-7567*

*Phone: (907) 271-5071*
*Fax: (907) 271-3224*

September 9, 2019

Natasha Norris
Attorney for Ajela Akesi Banks
750 W 2nd Ave., Ste. 210
Anchorage, AK 99501

Re:   *United States v. Ajela Akesi Banks*
      3:19-cr-00005-SLG-MMS

Dear Ms. Norris,

Enclosed please find an offer to plead in *United States v. Banks*. I believe this proposed resolution is fair given the facts of this case, and that it appropriately balances all of the interests at stake. Several points that I would like to emphasize with this plea offer:

1. In *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016), the Ninth Circuit held that the Base Offense Level (BOL) for conspiracy to sex traffick under 18 U.S.C. § 1594(a) is 14. The Department of Justice and the United States Sentencing Commission believe that the Ninth Circuit's opinion is incorrect.[1] The Third and the Eighth Circuit currently have pending cases on this issue on appeal and there is the potential for a circuit split as to whether or not the BOL for violations of 18 U.S.C. § 1594 is 14 or 34. Any Supreme Court decision resolving this split in favor of the higher BOL level would have obvious implications for your client.

2. A conviction on any of counts currently charged would result in a BOL of 32. Pursuant to United States Sentencing Guideline (USSG) § 2G2.2(a)(1), the BOL for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) is generally 18. However, I believe a higher BOL of 32 applies in this case because of the application of USSG § 2G2.2(c)(1). This cross-reference directs the child pornography possession guideline to the production guideline at USSG § 2G2.1

---

[1] A Sentencing Commission podcast on this issue can be listened to at:
https://www.ussc.gov/education/training-resources/sentencing-practice-talk#USSC_SPT_Ep2.

"in all instances where the offense involved employing [or] using…a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct[.]" See USSG § 2G2.1, comment. (n.7(A)). I believe your client's conduct fits within the plain language of this cross-reference.

3. Regardless of the applicable Sentencing Guideline range, a conviction for production of child pornography, as charged in Counts 1 and 2, carries a mandatory minimum sentence of 15 years' imprisonment.

The United States' plea offer allows your client to plead guilty to a charge that includes no mandatory minimum, see 18 U.S.C. § 1594(c), and starts at a significantly lower BOL. Were there to be no Specific Offense Characteristics, and assuming your client's criminal history category to be I, the difference in potential sentencing ranges given these two BOLs is striking. A BOL of 14 results in a sentencing range of 10-16 months after acceptance of responsibility. A BOL of 32 with three levels off for acceptance results in a sentencing range of 87-108 months.[2]

After you have had the opportunity to discuss this offer with your client, please let me know how she wishes to proceed. Please note that this plea offer is the same offer that was sent to your office on or about April 29, 2019, and repeated in an email sent to your office on June 14, 2019.

Please provide me with an answer as to your client's willingness to plead guilty no later than September 27, 2019. After that date, the United States' offer will expire. If you have any questions or need additional information, please do not hesitate to contact me.

Sincerely,

KYLE REARDON
Assistant U.S. Attorney

---

[2] These guideline calculations are meant to illustrate the difference in potential sentencing ranges based upon the count of conviction, and are not an indication by the United States as to what the Sentencing Guideline range in this case should be, nor do they indicate what the United States' may recommend at Imposition of Sentence. Additionally, the United States Probation Office independently calculates sentencing ranges, which may differ from the ranges outlined in this letter.

2

Letter – Plea Offer
United States v. Banks
3:15-cr-00005-SLG-MMS
Case 3:19-cr-00005-SLG-MMS   Document 124-1   Filed 12/30/20   Page 2 of 2