# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AJELA AKESI BANKS,<br><br>　　　　　Defendant. | Case No. 3:19-cr-00005-SLG-MMS |

## ORDER REGARDING APPEAL OF RELEASE DECISION

Before the Court at Docket 176 is the government's Motion to Revoke Order of Release of Defendant Pursuant to 18 U.S.C. § 3145. Defendant Ajela Akesi Banks responded in opposition at Docket 179.

In April 2021, the Court sentenced Ms. Banks to time served (22 months) and a five-year term of supervised release after Ms. Banks pleaded guilty to Conspiracy to Engage in Sex Trafficking of Minors.[1] In July 2021, the U.S. Probation Office alleged that Ms. Banks had violated supervised release by twice testing positive for cannabinoids, changing her residence without notifying her PO, repeatedly and frequently having contact with her minor child without PO approval,

---

[1] Docket 166.

and failing to participate in mental health treatment.² On July 16, 2021, the Court issued a warrant for Ms. Banks' arrest.³

On October 4, 2021, Ms. Banks was arrested in Pomona, California. Ms. Banks appeared before U.S. Magistrate Judge Pedro V. Castillo and ordered to be released on a $20,000 bond with other conditions; however, the Magistrate Judge stayed the release order pending an appeal by the government to this Court.⁴

The matter is now before this Court pursuant to 18 U.S.C. § 3145. That statute provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."⁵ This Court's review of the detention determination is *de novo*.⁶

I. **Applicable law**

The decision whether to release Ms. Banks is governed by 18 U.S.C. § 3143(a)(1).⁷ Section 3143(a)(1) requires that a court "shall" order a defendant detained unless there is "clear and convicting evidence that the person is not likely

---

² Docket 171.

³ Docket 172.

⁴ Docket 176-1.

⁵ 18 U.S.C. § 3145(b).

⁶ *United States v. Koenig*, 912 F.2d 1190, 1991–92 (9th Cir. 1990).

⁷ *United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994) ("[W]e hold that if a defendant moves for bail pending his or her revocation hearing, the district court shall determine the person's eligibility for release under the standards of release set forth in 18 U.S.C. § 3143.").

Case No. 3:19-cr-00005-SLG-MMS, *United States v. Banks*
Order Re Appeal of Release Decision
Page 2 of 5
Case 3:19-cr-00005-SLG-MMS   Document 181   Filed 11/02/21   Page 2 of 5

to flee or pose a danger to the safety of any other person or the community if released . . . ." Ms. Banks bears the burden of producing such clear and convincing evidence.[8]

## II. The appearance of Ms. Banks

The Court finds that Ms. Banks has not shown by clear and convincing evidence that she is not a flight risk. Within just a few months of commencing supervision, Ms. Banks left the District of Alaska without notifying or getting permission from her PO. Ms. Banks has since been in Pomona, California, since at least July 2021.[9] Ms. Banks purportedly told a housing-assistance worker in Alaska that she was leaving Alaska to avoid apprehension by law enforcement.[10] Ms. Banks purportedly gave police a fake name and resisted or assaulted a police officer when she was arrested in California in October, further demonstrating that she will try and avoid apprehension.[11] Ms. Banks reports living in an RV, which indicates that she has transportation.[12] She has no employment tying her to either California or Alaska.[13] She does not appear to have contact with family in either

---

[8] Fed. R. Crim. P. 32.1(a)(6).

[9] Docket 177-1 at 1 (under seal).

[10] Docket 177-1 at 5.

[11] Docket 177-2 (under seal).

[12] Docket 177-1 at 2.

[13] Docket 177-1 at 3.

Case No. 3:19-cr-00005-SLG-MMS, *United States v. Banks*
Order Re Appeal of Release Decision
Page 3 of 5
Case 3:19-cr-00005-SLG-MMS   Document 181   Filed 11/02/21   Page 3 of 5

California or Alaska.[14] Moreover, Ms. Banks is facing state charges in California, and she has not complied with sex-offender registration requirements in either California or Alaska, which may further induce her to flee.[15] Finally, Ms. Banks has repeatedly demonstrated an unwillingness to comply with supervised release requirements.

## III. The safety of any other person and the community

The Court finds that Ms. Banks has not shown by clear and convincing evidence that she is not a danger to any other person or to the community. Ms. Banks reports being pregnant. She was arrested for allegedly engaging in prostitution activities.[16] Before she left Alaska, Ms. Banks tested positive twice for marijuana use and states that she is not willing to participate in substance abuse treatment.[17] Ms. Banks has previously been hospitalized in a psychiatric institution and is prescribed a psychotropic medication, but there is no indication of whether she takes the prescribed medication, and she has allegedly failed to participate in mental health treatment.[18] Ms. Banks has also allegedly had repeated contact with her minor child and with other minors without her PO's permission, despite her

---

[14] Docket 177-1 at 2.

[15] Docket 177-1 at 1, 5.

[16] Docket 177-1 at 2.

[17] Docket 177-1 at 3.

[18] Docket 177-1 at 3; Docket 171.

Case No. 3:19-cr-00005-SLG-MMS, *United States v. Banks*
Order Re Appeal of Release Decision
Page 4 of 5

sex-offender status.  The Court finds that Ms. Banks has not shown that she does not present a danger to her child, to her unborn child, or to other minors, or that she does not present a danger to the community due to her failure to register as a sex offender, her alleged prostitution activities, and her alleged assault of a police officer.

## CONCLUSION

Having reviewed the Magistrate Judge's determination *de novo*, this Court finds the Ms. Banks has not shown by clear and convincing evidence that if released she will not flee or pose a danger to any other person or to the community. Accordingly, IT IS ORDERED that the government's motion at Docket 176 is GRANTED.  The release order of the Magistrate Judge dated October 27, 2021, is REVOKED.  The defendant shall remain DETAINED in the custody of the U.S. Marshals.  The U.S. Marshals shall transport the defendant to the District of Alaska for further proceedings in this case.  The defendant may re-open the issue of detention after she has arrived in the District of Alaska.

A status report regarding Ms. Banks' whereabouts shall be filed by November 29, 2021.

DATED this 2nd day of November, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:19-cr-00005-SLG-MMS, *United States v. Banks*
Order Re Appeal of Release Decision
Page 5 of 5
Case 3:19-cr-00005-SLG-MMS   Document 181   Filed 11/02/21   Page 5 of 5